UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARIAH DANIELS, | No. 2:16-cv-00996 JAM CKD P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| DR. AGUILERA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff's first amended complaint is before the court for screening under 28 U.S.C. § 1915A(a).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Plaintiff's first amended complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of an Eighth Amendment claim of deliberate indifference to plaintiff's serious medical needs against defendants Nicolas Aguilera

1

and J. Bick. Plaintiff has also sufficiently alleged a First Amendment claim against defendants T. Morris or T. Morrison, Sergeant Leseane, M. Taylor, and D. Haley for the retaliatory placement, extension, or transfer of plaintiff into administrative segregation or a prison far away from his family.

With respect to the other defendants and claims identified in plaintiff's first amended complaint, plaintiff fails to state a claim upon which relief can be granted. All of plaintiff's allegations against defendants M. Ditomas, S. Prevette, Joan Gerbasi, and J. Lewis are based upon their actions in reviewing plaintiff's administrative grievances or health care appeals. However, prisoners do not have a free-standing due process right related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process prison grievances. Numerous district courts in this circuit have reached this same conclusion. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983). Prisoners do, however, retain a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in certain circumstances, be sufficient to state a First Amendment claim.

In order to establish a First Amendment claim based on a denial of access to a prison grievance procedure, plaintiff must prove that the actions complained of actually hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement.

See Lewis v. Casey, 518 U.S. 343, 354-55 (1996).  Here, plaintiff failed to allege any actual injury resulting from defendants' responses to, or denial of, his administrative grievances. Plaintiff's mere dissatisfaction with the handling of his administrative appeals cannot establish an independent constitutional violation.  See Mann v. Adams, 855 F.2d at 640.  For these reasons, the undersigned recommends dismissing the claims against defendants M. Ditomas, S. Prevette, Joan Gerbasi, and J. Lewis.

Plaintiff's additional allegations against defendants Conchas, T. Morris or T. Morrison, Sergeant Thomas, and Sergeant Anderson fail to state an Eighth Amendment claim of deliberate indifference to plaintiff's serious medical needs based on their merely observing plaintiff's disabilities in the prison's housing unit.  See ECF No. 24 at 13-14.  There are no factual allegations in the first amended complaint to support the inference that these defendants subjectively knew of, and disregarded, an excessive risk that plaintiff would fall down a flight of stairs.  See Toguchi v. Chung, 391 F.3d 1051,1057 (9th Cir. 2004) (quoting Gibson v. Cnty. of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)) (internal quotation mark omitted).  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  In this case plaintiff asserts that these defendants had a duty to clarify his medical needs once they observed him within the cell block.  ECF No. 24 at 14.  This is not sufficient to state an Eighth Amendment claim of deliberate indifference by defendants Conchas, T. Morris or T. Morrison, Sergeant Thomas, and Sergeant Anderson.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants:  Dr. Nicolas Aguilera, J. Bick, T. Morris or T. Morrison, Sergeant Leseane, M. Taylor, and D. Haley based on the claims outlined above.

2. The Clerk of the Court shall send plaintiff six USM-285 forms, one summons, an instruction sheet and a copy of the first amended complaint.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

  a. The completed Notice of Submission of Documents;

  b. One completed summons;

  c. One completed USM-285 form for each defendant listed in number 1 above; and

  d. Seven copies of the endorsed first amended complaint.

 4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

 IT IS HEREBY RECOMMENDED that the First Amendment claims against defendants M. Ditomas, S. Prevette, Joan Gerbasi, J. Lewis, as well as the Eighth Amendment claims against defendants Conchas, T. Morris or T. Morrison, Sergeant Thomas, and Sergeant Anderson be dismissed.

 These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 24, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/dani0996.1amd.new+f&r.docx

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARIAH DANIELS,<br><br>            Plaintiff,<br><br>     v.<br><br>DR. AGUILERA, et al.,<br><br>            Defendants. | No. 2:16-cv-00996 JAM CKD P<br><br>NOTICE OF SUBMISSION<br><br>OF DOCUMENTS |

  Plaintiff hereby submits the following documents in compliance with the court's order

filed _____ :

  \_\_\_\_  completed summons form

  \_\_\_\_  completed USM-285 forms

  \_\_\_\_  copies of the _____

      Amended Complaint

DATED:

                _____

                Plaintiff