UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARIAH DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>AGUILLERA, et al.,<br><br>Defendants. | No. 2:16-cv-0996 JAM CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state inmate proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. In his first amended complaint, plaintiff alleged that defendants Aguilera and Bick were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment and that defendants Morrison, Leseane, Taylor, and Haley retaliated against him by placing and retaining him in administrative segregation and later in transferring him to R.J. Donovan Correctional Facility, all in violation of the First Amendment. See ECF Nos. 24 (first amended complaint); 27 (screening order). Currently pending before the court is defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that it is barred by a settlement agreement in a prior civil rights action. Following two extensions of time, plaintiff filed his opposition on October 22, 2018. ECF No. 45.

////

////

Defendants filed a reply and plaintiff filed a sur-reply.[1]  ECF Nos. 46, 47.  For the reasons explained below, the undersigned recommends granting defendants' motion and dismissing this case with prejudice.

## I. Allegations in the First Amended Complaint

The allegations in the first amended complaint all concern events that occurred while plaintiff was an inmate at the California Medical Facility in Vacaville ("CMF-Vacaville").  See ECF No. 24 at 2.  All defendants in the present action were employed at CMV-Vacaville from August 9, 2014 through January 19, 2017, the time frame at issue in the amended complaint.  Id. at 2-8.  Plaintiff was a mobility impaired inmate who fell down a flight of stairs on June 13, 2015 causing him additional significant injury to his back, knee, thigh, and head.  ECF No. 24 at 19.  He alleges that defendant Aguilera was deliberately indifferent to his serious medical needs before and after his fall down the stairs by refusing him accommodations for his disability and by waiting for 8 months to order an x-ray of plaintiff's injuries.  Id. at 11, 18-19.  Plaintiff further alleges that defendant Bick was deliberately indifferent to his serious medical needs by failing to consult with an orthopedic surgeon.  Id. at 15.

Plaintiff also contends that defendants Leseane placed him in administrative segregation in alleged retaliation for his staff complaints and administrative appeals.  ECF No. 24 at 25.  According to the amended complaint, defendant Morrison also retaliated against plaintiff by filing a false rules violation report that led to him being placed in administrative segregation because plaintiff would not withdraw his staff complaints.  Id. at 25-26.  Plaintiff additionally alleges that defendants Taylor and Haley retaliated against him by prolonging his placement in administrative segregation in order to punish him for filing staff complaints.  Id. at 32, 42.  Lastly, plaintiff contends that defendants Taylor and Haley had him transferred to R.J. Donovan Correctional

---

[1] Since a motion is deemed submitted to the court after the filing of a reply or the time for filing a reply has expired, plaintiff's sur-reply has been disregarded by the court.  See Local Rule 230(l).  However, on November 13, 2018, defendants filed a motion to strike plaintiff's sur-reply.  ECF No. 48.  This prompted plaintiff to file an opposition to the motion to strike.  ECF No. 49.  The court has the authority to sua sponte disregard plaintiff's sur-reply pursuant to Local Rule 230(l) without the need of a formal motion to strike.  Accordingly, the court will deny defendants' motion to strike as moot.  ECF No. 48.

2

| | |
|---|---|
| 1 | Facility, hundreds of miles from his family, in retaliation for filing administrative appeals. Id. at |
| 2 | 40-41. |
| 3 | **II.    Motion to Dismiss** |
| 4 | In their motion to dismiss, defendants assert that the claims in plaintiff's amended |
| 5 | complaint are barred by the terms of the settlement agreement in Daniels v. Fox, et al., Case No. |
| 6 | 2:15-cv-1264 GEB AC P (E.D. Cal) ("the Fox case").  As part of the Fox settlement, plaintiff |
| 7 | agreed "to forgo any possible future claims he may have arising out of the California Medical |
| 8 | Facility, with the Defendants named in this lawsuit, any possible claim which could have been |
| 9 | brought in relation to this lawsuit with any named or unnamed staff members, and any possible |
| 10 | claims related to his transfer to Richard J. Donovan Correctional Facility." ECF No. 35 at 23, ¶ 8 |
| 11 | (Settlement Agreement and Release).  The only pending case that was excluded from the terms of |
| 12 | this settlement agreement was Daniels v. Fiallos-Montero, Case No. 2:16-cv-0852 WBS CKD |
| 13 | (PC) ("the Montero case"), which was stated on the record as a specific settlement "caveat."  ECF |
| 14 | No. 35 at 14 (Transcript of Settlement Conference).   At the time plaintiff entered into the Fox |
| 15 | settlement agreement, he had already filed the first amended complaint in the instant case.  Since |
| 16 | the allegations in the amended complaint concern plaintiff's incarceration at CMF and his transfer |
| 17 | to R.J. Donovan, defendants request a dismissal with prejudice based on the terms of the Fox |
| 18 | settlement agreement. |
| 19 | In his opposition, plaintiff contends that the language in the settlement agreement in the |
| 20 | Fox case does not bar this present action because it does not involve any of the same defendants.  |
| 21 | ECF No. 45 at 2.  He focuses on the language in the settlement agreement that states that he is |
| 22 | waiving any possible future claims against "the defendants named in this lawsuit…." ECF No. 35 |
| 23 | at 23, ¶ 8.  Moreover, according to plaintiff, he only agreed to settle the claims arising out of |
| 24 | CMF with defendants who were named in the Fox lawsuit and that Magistrate Judge Hollows' |
| 25 | explanation of the settlement terms comports with his understanding.  "The resolution of this case |
| 26 | includes the language that was just given by the deputy attorney general and which, in lay terms, |
| 27 | means any claim, known or unknown, arising out of **this lawsuit**, including any claims of transfer |
| 28 | to the Donovan facility are covered by this lawsuit." ECF No. 35 at 14-15 (emphasis added). |

3

Plaintiff further suggests referring this matter back to Judge Hollows so that plaintiff and plaintiff's family who attended the settlement conference on May 4, 2017 could testify that the court stated that matters which plaintiff had already filed are excluded from the waiver. ECF No. 45 at 3. Lastly, plaintiff argues that because the Montero case was excluded from the settlement since it was pending, this case should also be excluded because it was also pending at the time of the Fox settlement.

By way of reply, defendants contend that the intention of the parties in the Fox settlement was to resolve all claims arising out of plaintiff's incarceration at CMF-Vacaville. ECF No. 46 at 2. This included claims that "were both related and unrelated to the Fox claims and Defendants." Id. Furthermore, the explicit and uncontradicted language in the settlement agreement bars "any possible claims related to… [plaintiff's] transfer to R.J. Donovan Correctional Facility." ECF No. 35 at 23. Since all of plaintiff's pending retaliation claims against defendants Morrison, Leseane, Taylor, and Haley all related to his transfer to R.J. Donovan and the events leading up to it, these defendants should be dismissed. ECF No. 46 at 2.

### III. Legal Standards for a Motion to Dismiss

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976),

construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

**IV.     Judicial Notice**

When ruling on motions to dismiss, courts may consider matters for which they take judicial notice. Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007); see Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceedings."). A fact subject to judicial notice is one that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Additionally, courts may take judicial notice of the records of state agencies, administrative bodies, and other undisputed matters of public record. Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n.1 (9th Cir. 2004); Interstate Nat. Gas Co. v. S. Cal. Gas Co., 209 F.2d 380, 385 (9th Cir. 1953). "[C]ourts routinely take judicial notice of documents filed in other courts ... to establish the fact of such litigation and related filings." Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2nd Cir. 1991) (citation omitted). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

In this case, defendants request judicial notice of the docket in Daniels v. Fiallos-Montero, Case No. 2:16-cv-0852 WBS CKD (PC) (E.D. Cal.), as well as the transcript of the settlement conference and the settlement agreement in Daniels v. Fox, Case No. 2:15-cv-1264 GEB-AC (PC) (E.D. Cal.). See ECF No. 35 at 5-25. Since the court's docket and settlement agreements that are made a part of the court record are "known within this court's territorial jurisdiction" and can be "accurately and readily determined," the defendants' request for judicial notice will be

granted.

**V.     Analysis**

As an initial matter, the court will deny plaintiff's request to refer this matter back to the magistrate judge who conducted the Fox settlement.  Since the terms of the Fox settlement agreement were placed on the record and a transcript was made of this hearing, there is no need for this matter to be referred back to Magistrate Judge Hollows who presided over the settlement conference.  Plaintiff's request for an evidentiary hearing in this matter will also be denied as unnecessary.  See Doi v. Halekulani Corp., 276 F.3d 1131, 1139-40 (9th Cir. 2002) (holding that where the material terms of a settlement agreement and the parties assent to such terms is placed on the record, an evidentiary hearing to determine whether an agreement has been reached is unnecessary).

"The interpretation of a settlement agreement is governed by principles of state contract law[,] ... even where a federal cause of action is 'settled' or 'released.'"  Botefur v. City of Eagle Point, 7 F.3d 152, 156 (9th Cir. 1993) (citations omitted).  Thus, this court applies California contract law to resolve the present dispute.  Under California law, "[r]elease, indemnity and similar exculpatory provisions are binding on the signatories and enforceable so long as they are ... 'clear, explicit and comprehensible in each [of their] essential details.  Such an agreement, read as a whole, must clearly notify the prospective releasor or indemnitor of the effect of signing the agreement.'"  Skrbina v. Fleming Cos., 45 Cal. App. 4th 1353, 1368 (1996) (citation omitted).  Moreover, it is an established principle of California contract law that contracts are to be interpreted according to the objective intent of the parties.  See Beck v. American Health Group Int'l, Inc., 211 Cal. App. 3d 1555, 1562, 260 Cal. Rptr. 237 (Cal. Ct. App. 1989); see also Cal. Civ. Code § 1636 (2009).  Here, the objective intent of the defendants in the Fox settlement was stated on the record.  As Magistrate Judge Hollows explained, "[i]n other words, as we discussed in conference, defendants want to know they bought their peace and there's not some other claim arising out of here that, you know, becomes a whole new lawsuit.  And Mr. Daniels, you agree to that?  Yes, sir."  ECF No. 35 at 15.  Thus, applying well-established contract law principles to this case, the objective intent of the parties was to resolve all potential litigation stemming from

plaintiff's incarceration at CMF and "any possible claims related to his transfer to Richard J. Donovan Correctional Facility." ECF No. 35 at 14.

Furthermore, the court rejects plaintiff's argument that this case should be excluded from the terms of the Fox settlement simply because the Montero case was excluded. Even though both cases were pending at the time of the Fox settlement, the only exception included in the Fox waiver was a singular reference to "the complaint he already has…." ECF No. 35 at 14. The defendant in the Montero case had already been served and filed an answer prior to the date of the Fox settlement. See Daniels v. Fiallos-Montero, Case No. 2:16-cv-0852 WBS CKD (PC) (E.D. Cal.). Therefore, the complaint referenced in the Fox settlement agreement is the Montero case and not the instant matter which was still pending screening by the court at the time of the Fox settlement. Since the exception in the waiver was stated in the singular and not the plural, there is no basis for the court to find that any additional pending complaint was excluded from the specific terms of the Fox settlement.

For all of these reasons, the claims in the first amended complaint are barred by the terms of the Fox settlement agreement. Accordingly, the undersigned recommends granting defendants' motion to dismiss the complaint with prejudice.

**VI.    Plain Language Summary for Pro Se Party**

Since plaintiff is acting as his own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the Fox settlement agreement and the transcript of the proceedings before Magistrate Judge Hollows related thereto, and finds that plaintiff agreed to abandon any claims related to his incarceration at CMF-Vacaville as well as any claims related to his transfer to R.J. Donovan. As a result of this waiver, plaintiff is barred from pursuing his claims in the instant case because they all relate to his custody at CMF-Vacaville and his transfer to R.J. Donovan. The undersigned is recommending that defendants' motion to dismiss be granted.

If you disagree with this recommendation, you have fourteen days to explain to the court why this is not the correct outcome in your case. If you choose to do this you should label your

explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district court judge assigned to your case will review any objections that are filed and will make a final decision on the motion to dismiss.

Accordingly, IT IS HEREBY ORDERED that defendants' motion to strike plaintiff's sur-reply (ECF No. 48) is denied as moot since the court has disregarded it.

IT IS FURTHER RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 34) be granted;

2. This case be dismissed with prejudice; and,

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 3, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/dani0996.mtd.docx

8